

*CJ-15-3968*
*Andrews*

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| JENNI R. CANTRELL, (Individually) )<br>      **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>LIBERTY MUTUAL INSURANCE )<br>COMPANY, aka/dba LIBERTY MUTUAL )<br>GROUP, INC., aka/dba LIBERTY )<br>INSURANCE COMPANY, aka/dba )<br>LIBERTY MUTUAL FIRE INSURANCE )<br>COMPANY, )<br>)<br>      **Defendants.** ) | **Case No.**<br><br>**CJ  2015- 3968**<br><br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>Dec 3 ...<br><br>TIM RHODES<br>COURT CLERK<br>89 |

### PETITION

**COMES NOW** the Plaintiff, Jenni R. Cantrell, by and through her attorney of record, Christian M. Zeaman, and files his Petition against the Defendant, LIBERTY MUTUAL INSURANCE COMPANY, aka/dba LIBERTY MUTUALGROUP, INC., aka/dba LIBERTY INSURANCE COMPANY, aka/dba LIBERTY MUTUAL FIRE INSURANCE COMPANY, alleges and states as follows:

1.    That the Plaintiff is a citizen of Oklahoma County, State of Oklahoma at the time of the filing of this action and at the time of this alleged incident.

2.    That LIBERTY MUTUAL INSURANCE COMPANY, aka/dba LIBERTY MUTUAL GROUP, INC., aka/dba LIBERTY INSURANCE COMPANY, aka/dba LIBERTY MUTUAL FIRE INSURANCE COMPANY, (hereinafter INSURANCE COMPANIES) is/are foreign for-profit business corporation(s) incorporated under the laws of the State of Masschussetts and is licensed to and does conduct business in the State of Oklahoma.

3.    That LIBERTY MUTUAL INSURANCE COMPANY, aka/dba LIBERTY MUTUAL GROUP, INC., aka/dba LIBERTY INSURANCE COMPANY, aka/dba LIBERTY MUTUAL FIRE INSURANCE COMPANY, (hereinafter



EXHIBIT
2

INSURANCE COMPANIES) is an insurance corporation licensed as an admitted insurance carrier in the State of Oklahoma, and regularly conducts business in this state, and Oklahoma County. INSURANCE COMPANIES have/has sufficient contacts with the State of Oklahoma to warrant the exercise of *in personam* jurisdiction by this Court.

4.    The underlying subject automobile accident occurred in Oklahoma County, State of Oklahoma, on April 19, 2011.

5.    The denial of the Underinsured policy limits at issue was received by Plaintiff on July 26, 2013 by US Mail.

6.    Pursuant to 12 O.S. § 137 and 139, venue is proper in Oklahoma County. Pursuant to 12 O.S. § 2004(F), this Court has proper subject matter jurisdiction.

7.    That the insurance policy at issue was executed in Oklahoma County, State of Oklahoma, providing services and insurance in Oklahoma County.

8.    That the acts complained of in the Petition occurred in Oklahoma City, County of Oklahoma, State of Oklahoma.

9.    That on or about April 19, 2011, an underinsured driver committed acts and/or failed to perform acts that directly caused a vehicle collision that Plaintiff was driving.

10.    That the Plaintiff committed no improper action.

11.    That as a result of the collision on or about this date and time, the Plaintiff sustained bodily injuries; pain and suffering, loss of enjoyment of life, disfigurement, incurred medical expenses as a result of her injuries and will be forced to incur reasonable and probable medical expenses for care and treatment in the future.

12.    That the Plaintiff sustained disc bulges as a result of the car accident and required epidural steroid injections.

13.    That at the time of the accident at issue, the Plaintiff had in effect an insurance policy for automobile coverage through INSURANCE COMPANIES.

14.    That the person who caused the automobile collision had inadequate liability coverage to fully compensate the Plaintiff for her damages. Therefore, said liability limits are less than the amount of the claim (underinsured) and, pursuant to Oklahoma law, INSURANCE COMPANIES is/are required to provide said coverage pursuant to the policy and Oklahoma law.

15.    That pursuant to *Keel v. MFA Ins. Co.*, 1976 OK 86, 553 P.2d 153, Plaintiff, who has a claim against an uninsured motorist has the options to (2) file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action.

16.    That INSURANCE COMPANIES failed to follow the statutory guidelines regarding the Uninsured/Underinsured Rejection forms. Therefore, said rejection form(s) were invalid in that they were not completed, did not apprise the Plaintiff of the actual inexpensive costs for the UM/UIM coverage, did not apprise the Plaintiff of the different amounts of coverages she was entitled to, nor did it apprise her of those costs. Further, that INSURANCE COMPANIES did not have authorization from the Oklahoma Insurance Commissioner to omit said provisions, thus deviating from the statutory form in effect at that time.

17.    That INSURANCE COMPANIES contend that Plaintiff does not have any uninsured/underinsured motor vehicle coverage under the policy or pursuant to statute, as reflected in its correspondence with Plaintiff's counsel. However,

INSURANCE COMPANIES applied $25,000.00 of underinsured coverage for the loss, by letter dated April 16, 2013.

18.    That, INSURANCE COMPANIES is/are liable pursuant to statute for the amount of uninsured/underinsured insurance set forth and mandated under the law due to its failure to present and secure a proper rejection form.

19.    INSURANCE COMPANIES failure to pay the benefits due and owing to Plaintiff constitute a material breach of the insurance policy and/or Oklahoma law, described above.

20.    INSURANCE COMPANIES not only breached the policy of insurance and/or Oklahoma law, described above, but it also failed to deal fairly and in good faith with Plaintiff. INSURANCE COMPANIES bad faith includes, but is not limited to, the following conduct:

a. Refusal to pay the Uninsured/Underinsured statutory amount was not based on a good faith belief that a legitimate dispute existed for purposes of delaying and/or denying statutory coverage created by the invalid UM/UIM rejection form, but was made with the knowledge that INSURANCE COMPANIES were obligated under Oklahoma law to extend coverage under the insurance policy in question.

b. Ongoing refusal (and hence, denial) to provide Plaintiff with the requested policy declaration and UM/UIM rejection form for an unreasonable period of time, and refusal to pay Plaintiff's claim for statutory coverage.

c. By wrongfully denying statutory coverage for the valid claims submitted by Plaintiff as a result of the invalid rejection form, and knowing that INSURANCE COMPANIES had no legal justification for doing so, INSURANCE COMPANIES has purposely forced Plaintiff to file the present lawsuit, thus incurring attorney fees and related expenses.

d. It is believed that INSURANCE COMPANIES has a course and pattern of refusing to inform their customers of the

4

inexpensive costs of uninsured/underinsured motorist coverage by failing to present their insured's with complete and valid INSURANCE COMPANIES rejection forms, for the monetary benefit of INSURANCE COMPANIES.

e. It is believed that INSURANCE COMPANIES has a method by which their employees or agents are trained or directed to persuade their insured's to not select or take out UM/UIM coverage. That said actions, policies or positions support the contention that INSURANCE COMPANIES had a motive to not inform its insured of the cost of the UM/UIM coverage.

f. It is believed that INSURANCE COMPANIES sets goals for its employees regarding the reduction or avoidance of UM/UIM coverage or payments;

g. It is believed that INSURANCE COMPANIES measures results and reviews the performance of employees regarding the avoidance of payment of UM/UIM coverage/policies.

h. It is believed that INSURANCE COMPANIES knew or should have known that its independent medical examiner, Dr. Sami Framjee, has consistently made findings against its own injured customers/insureds.

i. That knowingly requiring or requesting its own insured or injured customers to submit to an independent medical examiner who it knows or should have known consistently makes findings against its own injured customers or insureds places the insured at a great disadvantage and cheats the insured out of needed coverage.

j. That INSURANCE COMPANIES have a right to seek an independent medical examination. However, INSURANCE COMPANIES have a duty to insure that such is neutral, independent, founded in fact, supported by the proper authorities and records, etc. in order to protect their insured.

k. That it is believed that Dr. Sami Framjee has a pattern of under-reporting, under-evaluating and/or minimizing the injuries of persons he performs independent medical examinations on. This pattern makes Dr. Sami Framjee's use by INSURANCE COMPANIES unreasonable and clearly shows INSURANCE COMPANIES acted in bad faith.

22.  The bad faith conduct of INSURANCE COMPANIES, described above, was intentional and malicious and was perpetrated for the purpose of depriving Plaintiff of the ability to make an informed decision regarding the costs and feasibility of UM/UIM coverage at the time the policy was entered, at the expense of the Plaintiff and to the financial gain and profit of INSURANCE COMPANIES. Such conduct on the part of INSURANCE COMPANIES reflects a reckless and callous disregard for the health and welfare of Plaintiff and others in her position, and warrants the imposition of punitive damages against INSURANCE COMPANIES.

23.  The bad faith conduct of INSURANCE COMPANIES, described above, was intentional and malicious and was perpetrated for the purpose of depriving Plaintiff of insurance funds for her injury, to the financial gain and profit of INSURANCE COMPANIES. Such conduct on the part of INSURANCE COMPANIES reflects a reckless and callous disregard for the health and welfare of Plaintiff and others in his position, is life threatening to humans, and warrants the imposition of punitive damages against INSURANCE COMPANIES.

24.  As part of their duty of good faith and fair dealing, INSURANCE COMPANIES has a duty to train and supervise its employees to comply with the laws of the state of Oklahoma when handling and insuring clients and issuing policies.

25.  As part of their duty of good faith and fair dealing, INSURANCE COMPANIES have a duty to obtain proper, fair and honest independent medical examinations of their insureds.

6

26. As part of their duty of good faith and fair dealing, INSURANCE COMPANIES have a duty to refrain from seeking or obtaining biased independent medical examinations of their insureds.

27. As part of their duty of good faith and fair dealing, INSURANCE COMPANIES have a duty to properly evaluate the injuries and damages of their insured.

28. That the underlying tortfeasor had insurance. The Plaintiff settled the suit with the tortfeasor for policy limits after INSURANCE COMPANIES waived the right to subrogation.

29. That it is believed that the tortfeasor's insurance company evaluated the Plaitniff's damages in excess of $50,000.00.

30. That the Plaintiff's insurance, INSURANCE COMPANY, that stands in a fiduciary capacity regarding Plaintiff's interests, evaluated Plaintiff's damages less than $50,000.00.

31. That as a result of INSURANCE COMPANIES actions and/or omissions, INSURANCE COMPANIES incurred the benefit.

32. As a result of INSURANCE COMPANIES actions and/or omissions, Plaintiff has suffered injuries and damages, including incidental, consequential and special damages, together with interest and prejudgment interest in the amount of twenty five thousand dollars ($25,000.00).

33. That as a result of insurance companies actions and/or omissions, Plaintiff has suffered damages in excess of $25,000.00 for the bad faith conduct commited by Insurance Companies. Further, that INSURANCE COMPANIES is liable for punitive damages in excess of ten thousand dollars (10,000.00).

7

**WHEREFORE,** the Plaintiff prays that the court enter judgment against the Defendant(s) (as identified above or to be later identified) in an amount in excess of the amount required for diversity jurisdiction, and for actual damages, compensatory damages, consequential damages, special damages, punitive damages, contractual obligation and/or damages, and other damages, exclusive of interest, attorney fees, costs and any other relief that this court deems just, equitable and proper.

Respectfully submitted,

Christian M. Zeaman, OBA# 18887
*Christian M. Zeaman, P.C.*
2908 Via Esperanza
Edmond, OK 73013
(405) 601-3000 fax (888) 691-6906
Email: Christian@zeamanlaw.com

**NOTICE OF ATTORNEY LIEN:**

Signed this 2 day of _Jᵘˡʸ_ 2015.

Christian M. Zeaman, P.C.
ATTORNEY LIEN CLAIMED.

8