# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JENNI R. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1390-D |
| | ) | |
| LIBERTY INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Non-Party Medical Evaluation Specialists, Inc.'s (MES) Motion to Quash Plaintiff's Document and Deposition Subpoenas [Doc. No. 52]. Plaintiff has filed her response in opposition [Doc. No. 59] and MES has replied [Doc. No. 65]. The matter is fully briefed and at issue. For the reasons stated below, the Court finds that MES's motion should be granted.

## BACKGROUND

Plaintiff was involved in a car accident in which she sustained severe injuries. At all times relevant hereto, Plaintiff was insured under an insurance policy issued by Defendant Liberty Insurance Company (Liberty). Liberty requested that Plaintiff undergo an independent medical examination (IME), to which MES acted as an intermediary. MES provides IME services to the insurance, corporate, legal, and

government sectors. MES referred Plaintiff's matter to a physician and assisted in the review of her medical bills.

Plaintiff contends that Defendant (1) breached the policy by wrongfully denying her demand for uninsured motorist (UM) benefits, and (2) violated its duty of good faith and fair dealing by (a) refusing UM coverage without first obtaining a valid rejection, (b) failing to conduct an adequate investigation of Plaintiff's claim, (c) relying on the opinion of a biased doctor to deny her claim, and (d) creating obstacles for Plaintiff as a means to deny her claim. With respect to her contention that the reviewing physician was biased, Plaintiff issued a subpoena requesting that MES produce documents regarding, *inter alia*, its policies and procedures concerning IMEs (the Documents Subpoena) and another seeking the deposition of a MES corporate representative (the Deposition Subpoena) to testify on virtually the same topics. MES moves to quash the subpoenas on the grounds they seek proprietary information, are overly burdensome, and irrelevant to the issues in this litigation. The parties met and conferred to resolve the matters without court intervention, but have reached an impasse.

## STANDARD OF DECISION

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Accordingly,

considerations of both relevance and proportionality govern the subpoenas at issue. Pursuant to Rule 45, Federal Rules of Civil Procedure, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden.

Moreover, Rule 26(b)(1), Federal Rules of Civil Procedure, sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ.P. 26(b)(1). Under this standard, "relevance" has been broadly defined to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *United States v. Childs*, No. CR-09-146-D, 2018 WL 775018, at *3 (W.D. Okla. Feb. 7, 2018) (citations omitted). The Advisory Committee Notes for the 2000 Amendments to Rule 26

3

direct the parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. *See* Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

The burden of establishing grounds for quashing the subpoena falls on the moving party, with the party seeking to quash a subpoena carrying a particularly heavy burden as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (internal quotation marks and citations omitted).[1]

## DISCUSSION

### I

As an initial matter, Plaintiff contends MES's motion is untimely since it was filed eighteen days after the prescribed date of production (the date of compliance listed on the Documents Subpoena was June 26, 2017; MES's motion was not filed until July 14, 2017). Rule 45 requires that an objection to a subpoena be made

---

[1] Although *Gulf Oil* dealt with a showing of good cause for a protective order under Rule 26(c), the Court discerns no meaningful distinction between this standard and a party's heavy burden in seeking to quash a subpoena issued under Rule 45.

"before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).[2] Conversely, the rule requires that motions to quash only be *timely* filed. Fed. R. Civ. P. 45(d)(2)(B)(3). "Timely" is not defined in Rule 45. The term was adopted in 1991 and replaced the previous phrase, "promptly and in any event at or before the time specified in the subpoena for compliance therewith." *See Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y.1998).

In this regard, some courts have held a motion to quash must be made at or before the time of compliance. *See, e.g., Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition"). Others have found that Rule 45 implicitly requires that a motion be filed within the same fourteen-day period as objections. *Centrifugal Acq. Corp., Inc. v. Moon*, 849 F. Supp. 2d 814, 839 (E.D. Wisc. 2012) ("Rule 45(c)(2) implicitly requires that a motion to quash a subpoena be filed within fourteen days of service, and the Rule 45(c)(3) timeliness requirement appears to refer to that period. The most reasonable construction of the rule is to read these two sections together; thus, motions to quash must be filed within

---

[2] It is undisputed that MES submitted its objections prior to the date of production.

fourteen days of service.") (quoting *Tutor-Saliba Corp. v. United States*, 30 Fed. Cl. 155, 156 (1993)).

Nevertheless, courts have discretion whether to quash or modify a subpoena. *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990). Courts have thus exercised their discretion to consider motions to quash that were not "timely" filed within the meaning of Rule 45. *See, e.g., Paslar v. Stamford Hosp.*, No. 3:16CV01645, 2017 WL 3055508, at *3 (D. Conn. July 19, 2017); *Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008). Because the Court finds that the Documents Subpoena is overbroad in scope and presents an undue burden, as discussed more fully below, it chooses to exercise its discretion to consider the merits of MES's motion to quash even though the motion was filed eighteen days after the time of compliance. *See id.*; *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections [to a subpoena]. Courts find such unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for witness and counsel for [the] subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena.") (internal citations and quotations omitted).

## II

Pursuant to the foregoing standard, even a cursory examination of the Deposition Subpoena, which is attached to MES's motion, reveals it is overly broad, unduly burdensome, and exceeds the proportional needs of the case in light of Plaintiff's claims. The subpoena requests production of documents in twenty-four categories[3] and uses blanket terms such as "all documents," "all marketing materials," "all documents regarding", "all documents indicating," "all documents indicating or referencing," "pertaining to," and "all deposition transcripts" in nearly every request, most without any reference to scope or time. Courts in this circuit, including this Court, have noted a discovery request is facially overly broad when it uses such omnibus phrases since it requires the responding party to engage in "mental gymnastics" to determine what information may or may not be remotely responsive. *See, e.g., Childs*, 2018 WL 775018, at *5 (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003)); *Richards v. Convergys Corp.*, Nos. 05-cv-790, 05-cv-812, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007).

Even omitting the blanket terminology, the Court still finds the subpoena places an undue burden on MES because it calls for MES to turn over apparently every document related to its policies and procedures regarding its handling of IME requests, regardless of the documents' relevance to Plaintiff's claims in this suit.

---

[3] Plaintiff agreed to withdraw Request No. 25 in the Document Subpoena.

Moreover, the subpoena seeks not only documents between MES and Liberty, but Liberty's "parent companies, sister companies, subsidiaries and/or predecessors in interest or in name, as well as all partners, managers, officers, employees, directors, agents or representatives, and all other persons acting or whom [MES] believe[s] to have acted on behalf of [Defendant]." *See* Document Subpoena at 4 n. 2 [Doc. No. 52-1]. In reaching its conclusion, the Court makes no determination as to whether the subject information is non-discoverable, only that Plaintiff's requests, in their current form, exceed the permissible scope of discovery. Although the Court may, in its discretion, narrow or modify overly broad discovery requests, it is not required to do so, and will not here due to the sheer overreach of Plaintiff's requests. Accordingly, the Court sustains MES's undue burden and overbreadth objections and quashes the Document Subpoena.[4]

## CONCLUSION

Non-Party Medical Evaluation Specialists, Inc.'s (MES) Motion to Quash Plaintiff's Document and Deposition Subpoenas [Doc. No. 52] is **GRANTED** as set forth herein. In light of this Order, Defendant's motions to quash the subpoenas at issue [Doc. Nos. 50, 51] are deemed **MOOT**.

---

[4] Plaintiff's Deposition Subpoena seeks testimony on virtually the same topics as the Documents Subpoena. The foregoing discussion applies equally to that subpoena and the Court finds that the Deposition Subpoena should likewise be quashed.

8

**IT IS SO ORDERED** this 20th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE